UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEFFREY HURWITZ,

                Plaintiff,

- against -   ECF CASE

MORGAN STANLEY, INC.,

                Defendant.
-----------------------------------------------------------------X

Index #
Date Purchased:

COMPLAINT

05 CIV. 5275

ROBINSON

      Plaintiff, by his Attorney, BARRY D. HABERMAN, ESQ., complaining of the Defendant, by his Attorney, Barry D. Haberman, Esq., respectfully alleges as follows:

      1.     Plaintiff, JEFFREY HURWITZ, (herein referred to as "Hurwitz") is a New York resident domiciled at 11 Ronald Drive, Monsey, New York 10952.

      2.     Said domicile of Plaintiff, "Hurwitz", is located in the jurisdiction of the Southern District of New York, United States of America.

      3.     Upon information and belief, Defendant, MORGAN STANLEY, INC., herein referred to as "Morgan Stanley", is a foreign corporation, duly authorized to conduct business in the State of New York.

      4.     Upon information and belief, Defendant, "Morgan Stanley's" principal business offices address is located at 2000 Westchester Avenue, Purchase, New York 10577.

      5.     Upon information and belief, Defendant, "Morgan Stanley" has an office located at 1 Blue Hill Plaza, Pearl River, New York 10965, in Rockland County, New York.

      6.     Upon information and belief, the offices of the Defendant, "Morgan Stanley" are located within the jurisdiction of the Southern District of New York.

7. Upon information and belief, Defendant, "Morgan Stanley", employs more than 500 persons.

8. The dominant subject matter of this Verified Complaint is grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991, ("Title VII"), and the New York State Human Rights Law, N.Y. Exec. Law Article XV sec. 290 et. seq.

9. Under 28 U.S.C. sec. 1331, actions grounded in Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991, are permitted to be brought before the United States Courts.

10. As the Defendant, "Morgan Stanley", is a resident of locality lying within the Southern District of New York, as a substantial part of the events giving rise to the claim occurred in the Southern District of New York, under 28 U.S.C. sec. 1391(b), the Southern District of New York is the proper venue for this action.

11. On or about December 31, 2004, the Plaintiff, "Hurwitz" filed a Verified Complaint with the United States Equal Employment Opportunity Commission, herein referred to as the "EEOC". Said Charging Complaint was designated as EEOC No.: 160-2005-00601. Said Charging Complaint alleges discriminatory acts by the Defendant a Complaint was filed with the EEOC concerning this matter. (See Exhibit 1.)

12. On or about March 30, 2005 a Notice of Right to Sue was issued by the "EEOC" to Counsel for the Plaintiff, "Hurwitz." (See Exhibit 2.)

13. On or about April 4, 2005 the Notice of Right to Sue was received by Counsel for the Plaintiff, "Hurwitz." (See Exhibit 2.)

14. This Summons and Complaint is filed within 90 days of the receipt of said Notice of Right To Sue.

15. The Plaintiff, "Hurwitz" demands a jury trial to resolve all issues in this action.

## AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff, "Hurwitz" repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as if set forth herein.

17. The Plaintiff, "Hurwitz" is a white Jewish male.

18. The Plaintiff, "Hurwitz" sought employment by the Defendant, "Morgan Stanley" in October 2004.

19. The Plaintiff, "Hurwitz" was qualified for the position of employment.

20. The Defendant, "Morgan Stanley" through the manager of the Pearl River office discussed employment of the Plaintiff, "Hurwitz" at the Pearl River office.

21. The Defendant, "Morgan Stanley" requested that the Plaintiff, "Hurwitz" fax said Defendant, "Morgan Stanley" his (Hurwitz's) resume.

22. Upon review of the Plaintiff, "Hurwitz's" resume, the Defendant, "Morgan Stanley" discussed an opening for full time employment, with associated benefits, commensurate with his ("Hurwitz's") demonstrative experience.

23. Upon further discussion between the Plaintiff, "Hurwitz" and the Defendant, "Morgan Stanley" an interview was scheduled as concerns the position of employment.

24. The Plaintiff, "Hurwitz" was informed by the Defendant, "Morgan Stanley" that an immediate position of employment was available in the Operations Department, and that he, Plaintiff, "Hurwitz" appeared well qualified for the position.

25. The Plaintiff, "Hurwitz" was led to believe by the Defendant, "Morgan Stanley" that employment would commence as soon as the interview process was complete, as "every single thing that you would have to do at this job is listed in your resume".

26. An interview was scheduled for October 14, 2004 at the Pearl River office of the Defendant, "Morgan Stanley."

27. Upon the Defendant, "Morgan Stanley" viewing and meeting the Plaintiff, "Hurwitz" and realizing that the Plaintiff, "Hurwitz" is an observant Jew, for all intent, the interview process was over.

28. The Defendant, "Morgan Stanley" never interviewed the Plaintiff, "Hurwitz" for the purpose of hiring said Complainant for the discussed position of employment (Operations Department).

29. The Defendant, "Morgan Stanley" never discussed with the Plaintiff, "Hurwitz" his job qualifications, skills, past employment, job expectations, or other indicia of a meaningful employment interview.

30. Instead, the Defendant, "Morgan Stanley" informed the Plaintiff, "Hurwitz" that the only position of employment available was for hourly (part time) employment, that the pay was only $14 per hour. This was substantially different from the several telephone conversations that had occurred between the Plaintiff, "Hurwitz" and the Defendant, "Morgan Stanley."

31. The Plaintiff, "Hurwitz" questioned the Defendant, "Morgan Stanley" on the different attitude, part time employment as opposed to full time position, as discussed in the telephone conversations. The Plaintiff, "Hurwitz" was informed that "this was what they decided for now."

32. The Plaintiff, "Hurwitz" was not interviewed by the Branch Manager, Jeff Crystal, as he was told would occur.

33. Even though the Plaintiff, "Hurwitz" was qualified for the position of employment originally discussed, the Defendant, "Morgan Stanley" did not offer such position of employment to the Plaintiff, "Hurwitz", or even seriously interview the Plaintiff, "Hurwitz" for said position.

34. Upon information and belief, the actions of the Defendant, "Morgan Stanley" in refusing to offer employment or to even consider to offer employment to the Plaintiff, "Hurwitz" was solely due to the Plaintiff, "Hurwitz's" religious beliefs.

35. Upon information and belief, the Defendant, "Morgan Stanley" discriminated against the Plaintiff, "Hurwitz" due to the Plaintiff, "Hurwitz's" religious beliefs.

36. The refusal to hire or even consider to hire the Plaintiff, "Hurwitz" by the Defendant, "Morgan Stanley" was in violation of Plaintiff, "Hurwitz's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII").

37. Upon information and belief, the position sought by the Plaintiff, "Hurwitz" was to pay $60,000.00 per annum plus a comprehensive benefit package. (Health care, pension, etc.)

38. Upon information and belief, the value of the comprehensive benefit package wrongfully denied the Plaintiff, "Hurwitz" is $12,500.00 per annum.

39. But for the discriminatory and unlawful actions of the Defendant, "Morgan Stanley", the Plaintiff, "Hurwitz" would have been employed by said Defendant, "Morgan Stanley" with all of the wages, and benefits such employment provides.

40. Thus, for all of the violations of the Plaintiff, "Hurwitz's" rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq. as amended in 1991 ("Title VII") the Plaintiff "Hurwitz" is entitled to "back pay" from the date of the unlawful discrimination, including salary, projected raises, lost benefits, lost stock option opportunities, and lost pension funding, "front pay", to put the Plaintiff "Hurwitz" in the position he would have been in had the unlawful discrimination not occurred and his employment lasted until normal retirement age. Such "front pay" includes salary, stock options, fringe benefits, and pension benefits. The Plaintiff, "Hurwitz" is entitled to punitive damages, and to recover attorney fees.

41. Thus, there is now due and owing from the Defendant, "Morgan Stanley" to the Plaintiff, "Hurwitz" back pay in the amount of $30,000.00, lost benefits in the amount of $6,250.00, front pay in the amount of $2,392,500.00, punitive damages in the amount of $300,000.00, and attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION

42. Plaintiff, "Hurwitz" repeats and reiterates each and every allegation hereinbefore set forth with the same force and effect as if set forth herein.

43. Said actions of the Defendant, "Morgan Stanley" discriminating against the Plaintiff, "Hurwitz" because of his religion are in violation of the Plaintiff, "Hurwitz's" rights under the New York State Human Rights Law, Executive Law Article XV, sec. 290 et seq.

44. Under New York State Human Rights Law, Plaintiff, "Hurwitz" is entitled to compensatory damages consisting of back-pay, front-pay, as well as lost fringe benefits.

45. Thus, there is now due and owing from the Defendant, "Morgan Stanley" to the Plaintiff, "Hurwitz" back pay in the amount of $30,000.00, lost benefits in the amount of $6,250.00 and front pay in the amount of $2,392,500.00, said damages flowing from the discrimination suffered by the Plaintiff, "Hurwitz" because of his religious beliefs in violation of New York State Human Rights Law, Execution Law, Article XV sec. 290 et seq.

**WHEREFORE,** the Plaintiff, "Hurwitz" demands judgment:

(1) Against the Defendant, "Morgan Stanley" for discrimination suffered in violation of the Plaintiff, "Hurwitz's" rights under the provisions of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(2) Against the Defendant, "Morgan Stanley", awarding the Plaintiff, "Hurwitz", back pay in the amount of $30,000.00, lost benefits in the amount of $6,250.00, front pay in the amount of $2,392,500.00 and punitive damages in the amount of $300,000.00, the remedy provided a Plaintiff under the provisions of the Title VII of the

Civil Rights Act of 1964, 42 U.S.C. sec. 2000e et. seq., as amended in 1991, ("Title VII").

(3) Against the Defendant, "Morgan Stanley" for the violations of the Plaintiff, "Hurwitz's" rights under the provisions of the New York State Human Rights Law, Executive Law Article XV, sec. 290 et seq.

(4) Against the Defendant, "Morgan Stanley", awarding the Plaintiff, "Hurwitz", Against the Defendant, "Morgan Stanley", awarding the Plaintiff, "Hurwitz", back pay in the amount of $30,000.00, lost benefits in the amount of $6,250.00, front pay in the amount of $2,392,500.00, the remedy provided a Plaintiff under the provisions of New York State Human Rights Law, Execution Law, Article XV sec. 290 et seq.

(5) Awarding Plaintiff, "Hurwitz" attorney fees as applicable under "Title VII".

(6) Granting to Plaintiff, "Hurwitz" such other and further relief as the Court deems just and proper.

Dated: New City, New York
       June 2, 2005

BARRY D. HABERMAN, ESQ.
Attorney for Plaintiff,
JEFFREY HURWITZ
254 South Main Street, #401
New City, New York 10956
845-638-4294